# EXHIBIT "A"

**JOSEPH J. FRITZEN**
**ATTORNEY AT LAW**
Attorney Id. 019461994
136 East Main Street, Unit #3
Denville, NJ 07834
(973) 343-7575
Facsimile: (973) 983-7781
Attorney for Plaintiffs

---

| | |
|---|---|
| LYNN BELVIN and LONNIE BELVIN, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION HUDSON COUNTY |
| Plaintiffs, | DOCKET NO.: HUD-L- |
| vs. | Civil Action |
| PETSMART, INC. and PETSMART, LLC, ABC CORPORATION(s) (1-10) (fictitiously named and unknown corporations, partnerships or other business entities) and JOHN DOE(s) (1-10) (fictitiously named and unknown persons), | **COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR INTERROGATORIES, FIRST DEMAND TO PRODUCE DOCUMENTS and NOTICE OF NO OTHER ACTIONS** |
| Defendants. | |

Plaintiffs, LYNN BELVIN and LONNIE BELVIN, residing at 3740 Cotton Green Path Drive, in the Town of Naples, County of Collier, and State of Florida, by way of Complaint against the above-named Defendants, hereby say:

### First Count

1. On or about June 30, 2021 the Plaintiff, Lynn Belvin, was and is an individual person who was legally and lawfully upon the retail premises generally known as "PetSmart" located at or about 400 Mill Creek Drive in the Township of Secaucus, County of Hudson, and State of New Jersey. (Hereinafter, "PetSmart" and "the Premises".)

Case 2:21-cv-18495 Document 1-4 Filed 10/13/21 Page 3 of 16 PageID: 10

2. On information and belief, at all times relevant hereto the Defendant, PetSmart, Inc., was and is a corporate entity, organized under the laws of the State of Delaware, engaged generally in the retail sales of pet goods and related services, doing business nationwide, in New Jersey, and the aforesaid Premises in particular.

3. On information and belief, at all times relevant hereto the Defendant, PetSmart, LLC, was and is a corporate entity, organized under the laws of the State of Delaware, engaged generally in the retail sales of pet goods and related services, doing business nationwide, in New Jersey, and at the aforesaid Premises in particular.

4. On information and belief, at all times relevant hereto, the Defendants, PetSmart, Inc. and Petsmart, LLC have designated Corporate Creations Network, Inc., 181 New Road 304, Parsippany, New Jersey as their Registered Agent in New Jersey.

5. Defendant, ABC Corporation(s) (1-10), and Defendant, John Doe(s) (1-10), are fictitiously named entities and/or persons, respectively, whose names, identities, principle places of business, and addresses are peculiarly within the knowledge of those Defendants and not within the knowledge of Plaintiffs.

6. The fictitiously named Defendant(s) is, are, or were designated affiliates, subsidiaries, agents, masters, servants, employees, employers, partners, or are persons or entities who otherwise owned, managed, controlled, are affiliated with, or are otherwise associated with Defendant, PetSmart, Inc., and Defendant, Petsmart, LLC, which fictitious Defendant(s) is, were, or are responsible for the design, construction, care, maintenance, and/or repair of the aforesaid Premises.

7. At all times relevant hereto, the joint and several Defendants and their agents, servants, and/or employees were responsible for controlling, managing, inspecting, cleaning,

constructing, or otherwise maintaining the Premises in a safe condition, free from hazards, and/or defects.

8. On information and belief, at all times relevant hereto, the Premises consisted of a retail establishment serving the public generally as a retailer of pet goods, which premises was or is owned, leased, occupied and/or controlled by Defendant, PetSmart, Inc. and/or Defendnat, Petsmart, LLC and/or Defendants, ABC Corporation(s) (1-10) (fictitiously named and unknown corporations, partnerships or other business entities), and/or Defendants, John Doe(s) (1-10) (fictitiously named and unknown persons), which Defendants occupied, managed, leased, controlled, constructed, repaired, cleaned, inspected or otherwise oversaw or maintained the Premises.

9. On or about June 30, 2021 the Plaintiff, Lynn Belvin, while shopping at the Premises at the invitation of Defendants, was caused to slip and fall due to improper design, maintenance, care or cleaning of the sidewalks and/or floor, or upon an unsafe and hazardous condition on the sidewalk and/or floor at the front entrance to the aforesaid Premises.

10. Plaintiff was caused to fall due to joint and several negligence, carelessness or recklessness of the aforesaid Defendants, without negligence on the part of Plaintiff.

11. Defendants were jointly and severally negligent, careless, or reckless in that they:

    a) Did not keep the premises in a safe condition;

    b) Did not exercise proper care in the ownership, operation, maintenance, management, supervision, control or safety of the Premises;

    c) Caused a dangerous and hazardous condition to exist;

    d) Allowed a nuisance to exist;

    e) Failed to provide proper safeguards and/or warnings on the property;

3

  f)  Failed to provide proper, safe and clear access for persons allowed and invited to use the property;

  g)  Failed to remove, remedy and/or warn of dangerous conditions upon the Premises; and

  h)  Defendants were otherwise negligent, careless or reckless.

12. As a result of joint and several the negligence, carelessness, or recklessness of the Defendants, and the fall caused thereby, the Plaintiff, Lynn Belvin, was caused to suffer and sustain great pain and anguish, was severely and permanently injured, has been and will in the future be caused to seek out and obtain medical treatment, has been and will in the future be caused pain and suffering, has been and will be in the future be caused to refrain from her normal pursuits, and Plaintiff was and is otherwise damaged.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants, PetSmart, Inc.; PetSmart, LLC; ABC Corporation(s) (1-10); and John Doe(s) (1-10), jointly, severally, and in the alternative, for:

  a)  Damages;

  b)  Interest;

  c)  Attorney Fees;

  d)  Costs of Suit; and

  e)  Such other relief as the Court deems proper.

### Second Count

1. Plaintiffs repeat each and every allegation of the First Count as if set forth at length herein.

2. At all times relevant hereto, the joint and several Defendants were responsible for inspecting, cleaning, and otherwise maintaining the Premises.

3. At all times relevant hereto, Defendants were responsible for maintaining the Premises in a safe condition, free from hazards and defects.

4. Defendants failed to construct, inspect, clean, or maintain the premises in a safe, non-hazardous, and/or defect-free manner and otherwise acted in such a negligent, careless or reckless manner so as to cause an unsafe and hazardous condition to exist at the Premises.

5. As a result of joint and several the negligence, carelessness, or recklessness of the Defendants, and the fall caused thereby, the Plaintiff, Lynn Belvin, was caused to suffer and sustain great pain and anguish, was severely and permanently injured, has been and will in the future be caused to seek out and obtain medical treatment, has been and will in the future be caused pain and suffering, has been and will be in the future be caused to refrain from her normal pursuits and activities, and Plaintiff was and is otherwise damaged.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, PetSmart, Inc.; Petsmart, LLC; ABC Corporation(s) (1-10); and John Doe(s) (1-10), jointly, severally, and in the alternative, for:

    a) Damages;
    b) Interest;
    c) Attorney Fees;
    d) Costs of Suit; and
    e) Such other relief as the Court deems proper.

### Third Count

1. Plaintiffs repeat each and every allegation contained in the First and Second Counts as if set forth at length herein.

2. As the husband of Plaintiff, Lynn Belvin, the Plaintiff, Lonnie Belvin, was and is entitled to her services and consortium.

3. As a result of the joint and several careless, reckless, or negligent acts or omissions of Defendants, as aforesaid, Plaintiff, Lonnie Belvin, has and in the future will continue to suffer loss of: the reasonably expected consortium, companionship and services of his spouse, Plaintiff, Lynn Belvin; has and in the future will continue to suffer severe economic loss, great anguish, embarrassment and psychological torment; to suffer great limitation of their usual, customary and expected activities; has been and in the future will be compelled to spend large and diverse sums of money for hospitalization, health care, medical attention, and other incidental items; has and in the future will be prevented from attending to their usual duties for a long period of time; and Plaintiffs were otherwise damaged.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants, PetSmart, Inc.; PetSmart, LLC; ABC Corporation(s) (1-10); and John Doe(s) (1-10), jointly, severally, and in the alternative, for:

    a) Damages;
    b) Interest;
    c) Attorney Fees;
    d) Costs of Suit; and

      e)      Such other relief as the Court deems proper.

**JOSEPH J. FRITZEN**
**ATTORNEY AT LAW**

By: _/s/ Joseph J. Fritzen_
JOSEPH J. FRITZEN
Attorney for Plaintiffs

Dated: August 19, 2021

### Jury Demand

**PLEASE TAKE NOTICE** Plaintiffs hereby demand a trial by jury on all issues as may be allowed by law.

### Designation of Trial Counsel

**PLEASE TAKE NOTICE** that the Plaintiffs hereby designate Joseph J. Fritzen, Esq., as trial counsel in this matter.

### Certification of No Other Actions

I certify to the best of my knowledge, information and belief, that this matter is not the subject of any other action pending in any Court nor the subject of any arbitration proceeding and no such action or proceeding is contemplated at this time. I further certify that, to the best of my knowledge, there are no other parties who should be joined in this action at this time.

**JOSEPH J. FRITZEN**
**ATTORNEY AT LAW**

By: _/s/ Joseph J. Fritzen_
JOSEPH J. FRITZEN
Attorney for Plaintiffs

Dated: August 19, 2021

**Demand For Answers to Form Interrogatories**

Plaintiffs hereby demand answers to **"Form C"** and **"Form C(2)"** Interrogatories from **each defendant** within the time allotted by the Rules of Court.

JOSEPH J. FRITZEN
ATTORNEY AT LAW

By: _____
JOSEPH J. FRITZEN
Attorney for Plaintiffs

Dated:   August 19, 2021

**First Demand For Production Of Documents**

In accordance with Rule 4:10-2, demand is hereby made that **all Defendants** produce the following documents to the office of Joseph J. Fritzen, Esq., attorney for Plaintiffs, within **30 days** from the date of service of this demand:

1. Copies of all visual recordings, audio recordings, and photographs of Plaintiff in the care, custody or control of Defendant(s).

2. Copies of all incident reports in the care, custody or control of Defendant(s) with respect to the incident involving Plaintiff, any subsequent investigation, and any remedial measures taken in response to the incident involving Plaintiff.

3. Any and all leases, sub-leases, contracts, agreements, and all other documents between the defendant retail store and any property owner, occupant(s), tenant(s), sub-tenant(s), manager(s), entity or firm(s) which were in effect at the time of the incident referenced in the Complaint.

4. Copies of all contracts, agreements, and all other documents between the occupant store or any property owner, occupant(s), tenant(s), sub-tenant(s), manager(s), entity or firm(s) with respect to any issue of interior cleaning, exterior cleaning, inspection(s), maintenance, or repair(s) at the subject Premises.

5. Any and all contracts, agreements, and all other documents between the occupant store and all maintenance persons (whether internal or external), cleaning service(s), and/or repair service(s), in effect at the time of Plaintiff's injury and with respect to the interior of the subject Premises.

6. Any and all contracts between the owner, occupant(s), and any other person(s) or entity/entities who were in any way responsible for management, care, inspection, or repair of the subject Premises at the time of Plaintiff's injuries.

7. Any indemnity agreement(s) between any of the parties to this case.

8. Any indemnity agreement(s) between any party to this case and any non-party which is relevant to the accident and injuries made the basis of this suit.

9. A copy of all documents setting forth each Defendant's status as a corporation, partnership, sole proprietorship, or joint venture as of the date alleged in the Complaint.

10. A copy of all joint venture agreement(s) between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, advertising, security, or other service of or for the Premises in question, from January 1, 2017 to date.

11. Any rules, management guidelines, operating guidelines, and all similar writing(s) or document(s) that set forth operating procedures for the management, care, inspection, maintenance, cleaning, repair, and service of the Premises in question, including all modifications, amendments and changes thereto, from January 1, 2017 to date.

12. All documents, recordings, electronic recordings, or other documents or things utilized or adopted by Defendants concerning internal policies, procedures, or guidelines, and all similar writing(s) or document(s) that set forth all procedures for the receipt, handling, inspection, care, reporting, and recording of any complaints of any hazardous condition, fall, slip, or other injury or complaint of personal injury of any kind which is alleged to occur upon the Premises in question the years 2018-2021, including copies of all such documents prepared by or for any employees or agents and those documents or things signed or acknowledged by any and all employees with respect to the Premises which is the subject of this litigation. This request includes but is not limited to the Plaintiff identified herein.

13. Any and all photographs, videotapes, digitial records and all other forms of recordings(s) in the care, custody or control of Defendants with respect to the scene of incident alleged, the injuries to the Plaintiff, or any investigation into the allegations forming the basis of this litigation.

14. Copies of any and all statements previously made by any person(s) concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

15. A copy of any surveillance recordings, movies, or photographs that have been made by or on behalf of Defendant showing the Plaintiff, before, during or after the incident alleged in the Complaint.

16. Any and all expert reports that were or will be reviewed by a testifying expert in this case.

17. Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert in this case.

18. Any and all work papers, notes, and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report that is or will be relied upon in whole or in part by a testifying expert.

19. All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those that would include his or her report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

20. Any treatises or authoritative literature on which any expert intends to rely in his or her testimony in this case.

21. Copies of reports of all complaints relating to slip, trip, or fall incidents prepared by any and all employees of the Premises in question, from January 1, 2017 up to and through the date of your response to this demand, regardless of whether the incident(s) resulted in litigation.

22. All materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees, agents, servants, or sub-contractors concerning interior inspections, maintenance, and cleaning at the Premises identified herein, including all training films, computer files, and/or videotapes used by Defendant concerning slips, falls, or trips at or upon the Premises.

23. All police report(s) or other report(s) of investigation by any governmental agency or private organization relating to the occurrence in question.

24. All documents, reports, or other written records pertaining to any investigation pertaining to the incident made the basis of this lawsuit that is not privileged at law.

25. Any and all books, documents, photographs, or other tangible things that may be used at the time of trial, which may have a bearing on this cause of action.

26. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request that you intend to offer into evidence at the trial of this case.

27. All documents which identify the names, addresses, and job description of all agents, servants, or employees of the Defendant(s) from January 1, 2019 to date who were assigned to or designated as cleaning person(s), maintenance person(s), repair person(s), shift manager(s), and store manager(s) at the subject Premises.

28. Any list, summary, or copies of all civil complaints filed against Defendants with respect to all claims seeking compensation for personal injuries suffered by any person for the five (5) years preceding this request which relate in any way to any alleged careless, reckless, negligent act or omission of any Defendant with respect to any allegation of a hazardous or otherwise unsafe condition inside or outside the subject Premises.

29. Provide copies of each and every notice of proposed or actual violation, warning, and citation issued to Defendant(s) within the past five (5) years by any local, municipal, or other governmental agency in connection with respect to any interior or exterior maintenance, condition(s) or repair(s) of the subject Premises.

30. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request that you do not intend to offer into evidence at the trial of this case but which may be used as demonstrative evidence at trial.

**JOSEPH J. FRITZEN**
**ATTORNEY AT LAW**

By: _____
JOSEPH J. FRITZEN
Attorney for Plaintiffs

Dated: August 19, 2021

## Demand For Production of Insurance Agreements

Pursuant to Rule 4:10-2(b) demand is hereby made that **each defendant** disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

**JOSEPH J. FRITZEN**
**ATTORNEY AT LAW**

By: _____
JOSEPH J. FRITZEN
Attorney for Plaintiffs

Dated: August 19, 2021

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-003272-21**

**Case Caption:** BELVIN LYNN  VS PETSMART, INC.
**Case Initiation Date:** 08/19/2021
**Attorney Name:** JOSEPH J FRITZEN
**Firm Name:** JOSEPH J. FRITZEN, ATTORNEY AT LAW
**Address:** 136 EAST MAIN ST UNIT #3
DENVILLE NJ 07834
**Phone:** 9733437575
**Name of Party:** PLAINTIFF : Belvin, Lynn
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Lynn Belvin?** NO

**Are sexual abuse claims alleged by: Lonnie Belvin?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/19/2021                                                                                              /s/ JOSEPH J FRITZEN
Dated                                                                                                   Signed